**Richard CORTEZ, Petitioner— Appellee,**

v.

**Sylvia GARCIA, Warden, Respondent— Appellant.**

No. 04–56407.
D.C. No. CV–02–01175–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided April 27, 2005.

Elizabeth A. Missakian, San Diego, CA, for Petitioner—Appellee.

Karl T. Terp, Kevin R. Vienna, AGCA—Office of the California Attorney General (San Diego), San Diego, CA, for Respondent—Appellant.

Before T. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

The State of California, on behalf of Sylvia Garcia, Warden of Calipatria State Prison in California, appeals the district court's grant of a writ of habeas corpus for Richard Cortez ("petitioner"), incarcerated in state prison for the second-degree murder of Joel Noel. Petitioner, who argued at trial he shot Noel in self-defense, claimed the trial court violated his constitutional right to present a defense when the court excluded defense-proffered evidence of a blood test showing Noel was under the influence of methamphetamine at the time

of the shooting, and expert witness testimony that methamphetamine use causes violent and aggressive behavior. The district court granted the petition, finding the exclusion of the evidence violated petitioner's constitutional right to present a defense, and the unconstitutional exclusion of the evidence prejudiced the verdict. We have jurisdiction under 28 U.S.C. § 2253, and we reverse.

The parties are familiar with the facts and we do not recite them here except as necessary for our disposition. Petitioner contends the state trial court's exclusion of the methamphetamine evidence (1) violated his constitutional right to present a defense, see *Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); and (2) the unconstitutional exclusion of that evidence had a "substantial and injurious effect or influence in determining the jury's verdict," see *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

### 1. Petitioner's Constitutional Right to Present a Defense

We apply a five-factor balancing test to determine whether the exclusion of the evidence in the trial court violated a defendant's constitutional right to present a defense. See *Chia v. Cambra,* 360 F.3d 997, 1003–04 (9th Cir.2004). All five factors weigh in favor of petitioner's claim his constitutional right to present a defense was violated. First, the excluded methamphetamine evidence was highly probative to petitioner's self-defense theory, which if proved would have either negated the murder charge or limited the conviction to manslaughter. The excluded evidence (1) would have strongly supported petitioner's self-defense theory; (2) would have been probative to impeach the testimony of Sta-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cy McCombs and Polly Richardson that Noel was not under the influence of methamphetamine at the time of the shooting; and (3) would have corroborated petitioner's testimony that Noel was under the influence of methamphetamine at the time of the shooting.

Second, the excluded methamphetamine evidence, which would have been presented by expert witness testimony, was reliable and was not subject to attack on the basis of bias or self-interest. Third, the evidence was "capable of evaluation by the trier of fact," *see id.* at 1005, because the jury could have performed its traditional function of weighing the methamphetamine evidence against the other presented evidence. The jury could have evaluated the corroborative effect of the evidence upon petitioner's testimony Noel was on methamphetamine, and could also have evaluated the impeachment effect of the evidence upon the testimony by McCombs and Richardson that Noel was not under the influence of methamphetamine. The excluded evidence would also have strongly supported the significant evidence presented regarding petitioner's fear of Noel and Noel's propensity for violence.

Fourth, although significant evidence was introduced at trial that Noel had a propensity for violence, the excluded methamphetamine evidence would have shown Noel was under the influence of methamphetamine at the time of the shooting, and that violent and aggressive behavior follows from methamphetamine use. A jury is likely to consider such evidence more probative and of greater weight than the evidence of Noel's general violent propensity. Thus, the two types of evidence are different and the excluded methamphetamine evidence cannot be considered "cumulative" of the evidence of Noel's violent propensity.

Fifth, the excluded methamphetamine evidence would have constituted a major part of the defense because the evidence was more probative and of greater evidentiary weight than the evidence of Noel's propensity for violence. Rather than showing Noel acted in conformity with his violent propensity, the excluded evidence would have shown Noel *was* under the influence of methamphetamine, and the jury would have learned from an expert witness that methamphetamine use causes violent and aggressive behavior. The likelihood the jury would have given great weight to that evidence is emphasized by the jury's actual request for the excluded evidence; the first jury note expressly asked for Noel's blood results.

Because all five factors favor petitioner, we agree with the district court that the state trial court's erroneous exclusion of the methamphetamine evidence violated petitioner's constitutional right to present a defense.[1]

### 2. *Brecht* Prejudicial Error

■ Both parties agreed at oral argument that where a state trial court's erroneous exclusion of favorable evidence violated the defendant's constitutional right to present a defense, we can set aside the conviction only if such error was harmless

1. The California Court of Appeal held the trial court's error did not violate petitioner's constitutional right to present a defense. Because of the standard of review mandated by the Anti–Terrorism and Effective Death Penalty Act, we can reverse that determination only if it was objectively unreasonable. *See* 28 U.S.C. § 2254; *Lockyer v. Andrade,* 538 U.S. 63, 75–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). We do not reach that question, however, because even if the California Court of Appeal's determination was objectively unreasonable, we conclude below that the unconstitutional exclusion of the evidence was harmless under *Brecht.*

under *Brecht.* *See DePetris v. Kuyken-dall,* 239 F.3d 1057, 1061 (9th Cir.2001). Contrary to the district court, we conclude the erroneous exclusion of the methamphetamine evidence did not have a "substantial and injurious effect or influence in determining the jury's verdict." *See id.* (quoting *Brecht,* 507 U.S. at 629). Although the excluded methamphetamine evidence would have greatly enhanced petitioner's self-defense theory that he feared Noel and shot him when Noel was advancing toward petitioner, the undisputed physical evidence shows petitioner continued to shoot Noel after Noel was lying on the floor and no longer posed a threat to petitioner. Darryl Garber, a forensic pathologist who performed the autopsy on Noel, testified Noel suffered eleven separate gunshot wounds from a minimum of ten separate shots. Although one bullet entered Noel's body at a horizontal trajectory, and another bullet entered Noel's body at a downward trajectory, *at least seven bullets* entered Noel's body at an upward trajectory.[2] Noel was found lying with his feet closest to the hallway door and with his head by the bed, and petitioner fired the rifle while standing in the hallway. The physical evidence thus establishes petitioner shot Noel at least seven times after Noel was lying on the floor and posed no threat to petitioner. Moreover, petitioner was the only witness who offered testimony that Noel had a weapon in his hands, but it was undisputed Noel was holding a lighter in his hand after the shooting. The evidence of the lighter is inconsistent with petitioner's testimony Noel was holding a rifle.

The district court erred in adopting the magistrate judge's conclusion that regardless of the physical evidence, "it is entirely possible that Noel was already dead when

Petitioner fired these [seven] shots [with the upward trajectories]." The undisputed testimony by Garber established that although three of the shots fired by petitioner would have been fatal, those fatal shots would have caused death in "minutes." Yet according to the testimony by McCombs and Richardson, petitioner immediately stepped from the bedroom after several shots were fired, then fired from the hallway into the bedroom. That testimony suggests the span of time between petitioner's exit from the bedroom and his firing the rifle from the hallway was a matter of seconds, not minutes. Yet the magistrate judge's conclusion depends upon those fatal shots causing death instantaneously or within seconds. No such evidence was presented, and the magistrate judge's conclusion "it is not murder to shoot a dead body" is not supported by the record.

The excluded methamphetamine evidence would have played a major role supporting petitioner's theory he feared Noel and shot him in self-defense when Noel was advancing toward petitioner. But any support provided by the excluded evidence would have crumbled before the jury in light of the physical evidence showing petitioner continued to fire bullets into Noel after Noel was on the ground and no longer posed a threat. Thus, the exclusion of the evidence did not have a "substantial and injurious effect or influence" on the jury's verdict, *see Brecht,* 507 U.S. at 638, and petitioner is not entitled to habeas relief resulting from the unconstitutional exclusion of the methamphetamine evidence.

The judgment of the district court granting petitioner a writ of habeas corpus is reversed, and the case is remanded with

2. The two other bullet wounds were in Noel's left forearm, and the testimony is unclear as

to the particular trajectories of the bullets causing those wounds.

the instruction the district court deny the petition for writ of habeas corpus.

**REVERSED AND REMANDED.**